IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIC RICHARD SANCHEZ | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. AW-07-270 |
| | * | |
| DEPARTMENT OF PUBLIC SAFETY | | |
| AND CORRECTIONAL SERVICES | | |
| DIVISION OF CORRECTION | * | |
| Defendants. | | |
| | *** | |

**MEMORANDUM**

On January 30, 2007, this Court received a complaint from Dominic Richard Sanchez ("Sanchez"), an inmate confined at the Maryland House of Correction. Sanchez believes he is entitled to the award of six months of double-celling credits and is being denied same.[1] Because Sanchez's claim for diminution credits goes to the duration of his confinement, this action shall be construed as a petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter). Sanchez does not contend that a state remedy is unavailable for his claims and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue. According to Sanchez, he filed a remedy at the institution level, which was found meritorious in part, but he did not file any further appeal or remedies at the Division of

---

[1] Sanchez appears to claim that he is entitled to the double-celling credits under *Secretary, Dep't of Public Safety and Correctional Services v. Demby*, 390 Md. 580, 890 A.2d 310 (Md. 2006).

Correction Headquarters or Inmate Grievance Office ("IGO") levels.  Therefore, this consolidated action must be dismissed for the failure to exhaust available state court remedies.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate in the custody of the Maryland Division of Correction who wishes to seek the award of diminution credits has two possible avenues for relief.  Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq.*,* to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the IGO;

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

    2.    Appealing a decision by the Circuit Court to the Court of Special Appeals;[2] and

    3.    Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Because Sanchez has not fully exhausted and complied with these procedures, his case will be dismissed without prejudice. A separate Order follows.[3]

Date: February 7, 2007                                    /s/
                                                          Alexander Williams, Jr.
                                                          United States District Judge

---

[2] Although at one time this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

[3] As of the within signature date, the docket does not show that Sanchez filed the filing fee or an indigency application. In light of the summary dismissal of the matter, however, Sanchez shall not be required to cure this deficiency.